IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ROBERT LEE BANARGENT #1337759 §

v. § CIVIL ACTION NO. 6:11cv42

GERTRUDE COLEMAN, ET AL. §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Robert Banargent, proceeding *pro se*, filed this civil action purportedly as an application for the writ of habeas corpus. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The case names a number of individuals as defendants and is more in the nature of a civil rights lawsuit than a habeas corpus petition; accordingly, the Magistrate Judge properly ordered that it be construed as a civil rights lawsuit.

In his original complaint, Banargent: recited sections from the California penal code; included a copy of a letter to Gertrude Coleman, identified as his cousin, which accused her of being a liar and quoted from the Bible; quoted a legal encyclopedia; referred to being charged with assault by an unidentified "weed smoking woman"; mentioned a void conviction; complained about being lied to by people who say that they love him but will not help him financially or get him a lawyer; cited the Texas state laws concerning inability to pay; and included a statement that he wished process to be served upon Coleman.

After reviewing this pleading, the Magistrate Judge ordered Banargent to file an amended pleading containing a short and plain statement of his claim. This amended pleading was done on

1

a Section 1983 lawsuit form and names as defendants Coleman, TDCJ Director Rick Thaler, and three more cousins, Joe Hampton, Nathaniel Hampton, and Ruth Hampton.

In his amended complaint, Banargent complains of being denied indigent supplies by the unit law librarian, and states that his name was misspelled on a prior order, thus somehow showing that the Magistrate Judge was biased against him. He mentions a lawsuit that he has filed in Houston and says that he has an attorney in Pennsylvania. Banargent complains that Thaler is holding him in unlawful restraint, which he says is "kidnapping," that Coleman violated Texas Penal Code art. 1.07, and that the Hamptons would not answer his letters, which he says is "neglect" under Penal Code art. 1.07. For relief, Coleman says that "a state or federal judge will deny your request for a lawyer which is unconstitutional," and that he wants to be brought to court for a hearing "as to the defendants' true guilt of a breach of contract, the affidavit and summons."

After review of the pleadings, the Magistrate Judge issued a Report on April 6, 2011, recommending that the lawsuit be dismissed. The Magistrate Judge observed that Banargent has previously raised his claim against Thaler in a previous lawsuit, which was dismissed as frivolous. Banargent v. Thaler, et al., civil action no. 3:09cv291 (S.D.Tex., dismissed as frivolous December 12, 2009, no appeal taken). Because *in forma pauperis* proceedings which merely repeat prior or litigated claims may be considered frivolous or abusive, the Magistrate Judge recommended that this claim be dismissed. The Magistrate Judge also correctly observed that this portion of the complaint could not be considered as seeking habeas corpus relief because Banargent offered no facts whatsoever to show that his confinement or either of his current convictions could be considered unlawful.

Next, the Magistrate Judge stated that Banargent's claims against Coleman and the Hamptons, all of whom he identifies as his cousins, fail to set out a claim under the Civil Rights Act because Banargent failed to show that his cousins acted under color of state law, nor that they violated any right of his which is secured by the Constitution or laws of the United States. The fact

that Coleman may have lied to him, or that the Hamptons did not answer his letters or obtain an attorney for him, are not constitutional violations.

While Banargent characterizes these actions as violations of Texas Penal Code art. 1.07, this section simply defines terms used in the Code and does not itself set out any offenses against the State of Texas. Nor does it give rise to liability under federal civil rights laws. Finally, while Banargent complained about denial of legal supplies, the Magistrate Judge observed that he did not name any defendants in connection with this claim, nor show that he had been harmed in any way by the denial. The Magistrate Judge thus recommended that the lawsuit be dismissed as frivolous.

Banargent filed objections to the Magistrate Judge's Report on April 22, 2011. In his objections, he says first that the Report is "false," claiming that this Report violated the Texas Civil Practice and Remedies Code and the Texas Rules of Civil Procedure. Neither of these state statutes apply to a Report by a federal magistrate judge. This objection lacks merit.

Next, Banargent reiterates that Coleman violated Article 1.07 of the Texas Penal Code, specifically the portions which define negligence under the state criminal laws. As the Magistrate Judge said, this allegation fails to set out a valid basis for relief under the federal civil rights acts. This objection is without merit.

Third, Banargent says that the Magistrate Judge is "guilty" for saying that there was an inadvertent error in the spelling of Banargent's name in a prior order, and indicates that he believes this error to be a felony and an impeachable offense. This contention is absurd and patently lacking in merit.

Similarly, Banargent says that the Magistrate Judge's Report recommending the denial of relief is a violation of the Americans with Disabilities Act, by failing to provide Banargent with adequate federal constitutional protection by law, unconstitutionally denying him access to court, and denying him appointment of counsel, which he says violates Fifth Circuit and Supreme Court precedent. He says that the federal district court is supposed to apply Federal Rule of Appellate Procedure 5(a)(3), which provides that if a party cannot petition for appeal unless approval from the

3

district court is necessary, the district court may amend its order to include the required permission, in which case the time for appeal runs from the date of entry of the amended order; however, Banargent wholly fails to show that this Rule has any bearing whatsoever on his case.

Banargent also cites to Rule 23, Fed. R. App. P., governing the custody or release of a prisoner in a habeas corpus proceeding. This Rule says that pending review of a habeas corpus proceeding, the custodian of the prisoner may not transfer the prisoner to the custody of another unless a transfer is directed in accordance with the rule. It also states that pending review of a decision not to grant the petition, the court may decide to detain or release the prisoner, and that the prisoner should be released pending review of a decision to release, unless ordered otherwise. Furthermore, an initial order on custody may be subsequently modified. Banargent fails to show that this Rule has any bearing on his case, inasmuch as this is not a habeas corpus proceeding and is not presently on appellate review.

Finally, Banargent refers to the "abandonment" of criminal intent and says that he does not want the Court to face a criminal conviction, and "please don't enforce it upon me to file charges." This objection is wholly lacking in merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause and the Report of the Magistrate Judge. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge (docket no. 10) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall transmit a copy of this opinion to the Administrator of the Three Strikes List for the Eastern District of Texas.

**SIGNED this 6th day of May, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE